IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD V. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-126-ECM |
| | ) | [WO] |
| KIMBERLY A. CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff Richard V. Moore ("Moore"), who is proceeding *pro se*, brought this civil action against Kimberly A. Crawford, Judge of the Circuit Court of Dale County, Alabama ("Judge Crawford"), arising out of Judge Crawford's dismissal of Moore's request to modify his child support obligation. (Doc. 1).  In the amended complaint (the operative complaint), Moore alleges that Judge Crawford denied him "equal protection of the law" and violated his constitutional rights; Moore requests that the Court award him $5 million in damages. (Doc. 10).  On September 29, 2025, the Magistrate Judge recommended that this case be dismissed with prejudice based on judicial immunity. (Doc. 14).  Moore timely filed objections to the Recommendation. (Doc. 16).  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Moore's objections, the Court concludes that Moore's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

In his objections, Moore contends that Judge Crawford "acted in the clear absence of all Good Faith." (Doc. 16 at 1).  Although he asserts that Judge Crawford committed error in dismissing his child support action, he fails to establish that Judge Crawford was not acting in her judicial capacity or that she acted in the clear absence of all jurisdiction. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam); *see also McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) (explaining that a judge is

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

2

entitled to absolute judicial immunity from damages "regardless of whether [she] made a mistake, acted maliciously, or exceeded [her] authority"). Consequently, Moore's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.    Moore's objections (doc. 16) are OVERRULED;

2.    The Recommendation of the Magistrate Judge (doc. 14) is ADOPTED, and this case is DISMISSED with prejudice;

3.    All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 31st day of March, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE